**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1071C
Filed: November 30, 2015

**FILED**
NOV 30 2015
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * *
*
**HARRY NIE,**
*
   Plaintiff,
*
v.
*
*
**UNITED STATES,**
*
   Defendant.
*
* * * * * * * * * * * * * *

Pro Se Plaintiff; In Forma Pauperis Application; Lack of Subject Matter Jurisdiction.

**Harry Nie**, Mitchells, VA, pro se.

**Albert S. Iarossi**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With her were **Robert E. Kirschman, Jr.**, Director, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, Washington, D.C.

## ORDER

**HORN, J.**

### FINDINGS OF FACT

The plaintiff, Harry Nie, filed a pro se, "**COMPLAINT WITH JURY DEMAND**"[1] in this court on September 25, 2015, along with an application to proceed in forma pauperis. (emphasis in original). Plaintiff's complaint begins:

> This is a LAWSUIT[2] pursuant to: 1) **28 U.S.C.A. § 1491**, Tucker Act jurisdiction, seeking $95,000 each year in compensation damages for unjust loss of plaintiff-property' rights to continued employment with

---

[1] "The court is without authority to grant plaintiffs' request for a jury trial. 'It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government.'" Cox v. United States, 105 Fed. Cl. 213, 216 n.10 (2012) (quoting Lehman v. Nakshian, 453 U.S. 156, 160 (1981)). The court notes this is also plaintiff's only reference to a jury trial in the complaint.

[2] Capitalization, grammar, punctuation, and other errors are quoted in this Order as they appear in plaintiff's submissions.

> General Dynamics Amphibious System, since government willfully violating due process of law in plaintiff legal case in violation of the Fifth Amendment, the amount accumulates starting since 2009 till plaintiff rights will be restored, and of $300,000 each year in punitive damages for unjust loss of liberty without due process of law in violation of the Fifth Amendment, the amount accumulates starting since 2009 till plaintiff rights will be restored. Government committed "breach of contract" with tortious, intentional or egregious misconduct of defendant,

(emphasis in original). Plaintiff claims that: "*On September 14, 2009* plaintiff was convicted in Prince Williams County Circuit Court, Manassas, Virginia by coerced plea guilty of multiplicitous carbon copy counts of rape/incest and aggravated sexual battery, without justifiable evidences." (emphasis in original). As noted in the attachments to plaintiff's complaint, however, a final order issued on April 2, 2014, by Chief Judge Rebecca Beach Smith of the United States District Court for the Eastern District of Virginia indicated that: "On September 14, 2009, the Petitioner [Mr. Nie] pled guilty to five (5) counts of incest and five (5) counts of aggravated sexual battery, in the Prince William County Circuit Court, and was sentenced to 100 years with 80 years suspended, leaving a total time to serve of 20 years." See Nie v. Clark, Case No. 2:11-cv-666 (E.D. Va. Apr. 2, 2014).

Plaintiff claims that: "In the time period of from **March 8, 2011 till present,** plaintiff has been confined in the current prison, Coffeewood Correctional Center in the State of Virginia, with a meaningful access of legal materials." (emphasis in original). Plaintiff subsequently lists twenty six separate actions taken by plaintiff or the various courts since 2011, including decisions by the United States District Court for the Eastern District of Virginia, the United States Court of Appeals for the Fourth Circuit, the Virginia Supreme Court, and the United States Supreme Court.[3] For example, for the actions taken in 2015 alone, plaintiff alleges:

> **32)** *On February 25, 2015,* plaintiff tried to file a bill of complaint for this Miscarriage of Justice to the United States Supreme Court, in which the court below is suspending the writ of federal habeas corpus and overriding the U.S. Constitution and the applicable statutes, without justification of

---

[3] After plaintiff filed his complaint on September 25, 2015 in this court, on October 20, 2015, plaintiff filed a pro se complaint in the United States District Court for the District of Columbia seeking injunctive and declaratory relief. The court notes that parts of plaintiff's October 20, 2015 complaint are identical to the complaint filed in this court on September 25, 2015. The same day the complaint was filed in District Court, October 20, 2015, the District Court dismissed plaintiff's complaint concluding, "[i]nsofar as the plaintiff continues to challenge his convictions in the Virginia courts, he has no recourse in this federal district." Nie v. Gov't of the United States of America, Case No. 15-1788 (D.D.C. Oct. 20, 2015). Subsequently, on November 19, 2015, plaintiff filed an appeal to the United States Court of Appeals for the District of Columbia Circuit. See Nie v. Gov't of the United States of America, Case No. 15-5320 (D.C. Cir. Nov. 19, 2015).

2

laws as described in this complaint. However, due to very limited financial resources to access courts, plaintiff sent the complaint to the Supreme Court of the United States and to the Attorney General of the United States, without sending to other defendants.

**33)** *On, March 23, 2015,* the writ of certiorari as denied by the United States Supreme Court.

**34)** *On May 18, 2015,* the rehearing was denied by the United States Supreme Court.

**35)** *On June 9, 2015,* the complaint to the United States Supreme Court was returned due to failing to comply with the rules of the Court, without ruling it, see a copy attached as Appendix Supp.

In his claims for relief in this court, plaintiff alleges that

defendant has acted with reckless indifference to plaintiff' rights, ill will, a desire to injure, or malice committed as independent torts accompanying breach of contract as "*FRAUD, DECEIT, CONVERSION, BREACH OF FIDUCIARY DUTY, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, MALICE, FALSE IMPRISONMENT*", inducing the Breach of Contract in reference to the *U.S. CONSTITUTION ARTICLE II section 1, section 3*, and the *U.S. CONSTITUTION ARTICLE VI clause 3*.

(emphasis in original). Plaintiff claims that "since the defendant _Suspending the privilege of the Writ of Habeas Corpus and the defendant Overriding the Statutes and the Fifth, Sixth- and Fourteenth Amendment of the United States Constitution,_ without justification," (emphasis in original), "the defendant committed tortious misconducts inducing this breach of contract, without excuse and justification, causing unjust loss of liberty and enjoyment of live since 2009 till to this present date."

Therefore, as noted above,

the plaintiff demands for judgment against the United States in sum of $ 95,000 each year in compensation damages for unjust loss of plaintiff-property' rights to continued employment with General Dynamics Amphibious System, since the defendant _Suspending the privilege of the Writ of Habeas Corpus and the defendant Overriding the Statutes and the Fifth, Sixth- and Fourteenth Amendment of the United States Constitution,_ without justification, the amount accumulates starting since year of 2009 till plaintiff' rights will be restored, and of $ 300,000 each year in punitive damages for unjust loss of liberty, since the defendant _Suspending the privilege of the Writ of Habeas Corpus and the defendant Overriding the_

> *Statutes and the Fifth, Sixth- and Fourteenth Amendment of the United States Constitution,* without justification, the amount accumulates starting since year of 2009 till plaintiff' rights will be restored.

(emphasis in original).

On November 23, 2015, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. For the reasons discussed below, it is clear that this court lacks jurisdiction over plaintiff's complaint.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se, without the assistance of counsel. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524, aff'd, 603 F. App'x 947 (Fed. Cir. 2015), cert. denied 135 S. Ct. 1909 (2015). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not

4

exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990)); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013); see also Arbaugh v. Y & H Corp., 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506–07)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte*, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006); see also Avid Identification Sys., Inc. v. Crystal Import Corp., 603 F.3d 967, 971 (Fed. Cir.) ("This court must always determine for itself whether it has jurisdiction to hear the case before it, even when the parties do not raise or contest the issue."), reh'g and reh'g en banc denied, 614 F.3d 1330 (Fed. Cir. 2010), cert. denied, 131 S. Ct. 909 (2011).

Pursuant to the Rules of the United States Court of Federal Claims (RCFC) and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2015); Fed. R. Civ. P. 8(a)(1), (2) (2015); see also Ashcroft v. Iqbal, 556 U.S. 662,

5

677–78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289–90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013);

6

RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605–06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it

7

is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565–66 (2009).

From the complaint, it appears that plaintiff has asserted violations of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, alleged tortious conduct by the United States, as well as a breach of contract although Mr. Nie has not alleged specific grounds for these claims in his complaint. Regarding plaintiff's constitutional claims, defendant argues "[a]lthough Mr. Nie cites a number of constitutional amendments that he claims provide jurisdiction, none do in his case. It is well established, for example, that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money, and thus do not provide a cause of action under the Tucker Act." For plaintiff's claims for due process under the Fifth and Fourteenth Amendments, the United States Court of Appeals for the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995)) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments); see also Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028), cert. denied, 134 S. Ct. 259 (2013)); In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007) ("[N]either the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."). Due process claims "must be heard in

8

District Court." Kam–Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) (citing Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d at 1334), aff'd, 682 F.3d 1364 (Fed. Cir. 2012); see also Hampel v. United States, 97 Fed. Cl. at 238. Therefore, to the extent that plaintiff is attempting to allege Due Process violations, no such cause of action can be brought in this court.

Similarly, insofar as plaintiff's claims allege a violation of his rights under the Sixth Amendment to the United States Constitution, this Amendment is not money-mandating and, therefore, jurisdiction to review these claims does not lie in this court. See Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) ("[T]he fourth and sixth amendments do not in themselves obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such claims."); Turpin v. United States, 119 Fed. Cl. 704, 707 (2015) ("To the extent that Ms. Turpin's complaint brings constitutional challenges under the Due Process Clause and the Sixth Amendment, the Court cannot hear such claims because neither of these constitutional provisions is a money-mandating source."); Gable v. United States, 106 Fed. Cl. 294, 298 (2012) ("[T]he United States Court of Federal Claims does not have jurisdiction to adjudicate the alleged violations of Plaintiff's Sixth Amendment rights, because that constitutional provision is not money-mandating."); Treece v. United States, 96 Fed. Cl. 226, 231 (2010) (citing Milas v. United States, 42 Fed. Cl. 704, 710 (1999) (finding that the Sixth Amendment is not money-mandating)); Smith v. United States, 51 Fed. Cl. 36, 38 (2001) (internal citations omitted) (finding that the Court of Federal Claims lacks jurisdiction over Sixth Amendment ineffective assistance of counsel claims), aff'd, 36 F. App'x 444 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 537 U.S. 1010 (2002).

Regarding plaintiff's claims concerning the writ of habeas corpus, defendant argues "Mr. Nie primarily alleges that the Federal courts of the Fourth Circuit have suspended the writ of habeas corpus in his case. This Court cannot grant a writ of habeas corpus." (internal citation omitted). To the extent plaintiff brings a writ of habeas corpus before this court, the United States Court of Appeals for the Federal Circuit has indicated that "the habeas statute [28 U.S.C. § 2254] does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus, and the trial court therefore is without power to entertain Mr. Ledford's petition." Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002); see also Emerson v. United States, 123 Fed. Cl. 126, 129 (2015). To the extent plaintiff is seeking this court to overrule a decision by the United States District Court for the Eastern District of Virginia, the United States Court of Appeals for the Fourth Circuit, the Virginia Supreme Court, and the United States Supreme Court, the Federal Circuit has found that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).

Furthermore, the jurisdiction of this court does not include the power to review criminal convictions. See id. at 379; Lott v. United States, 11 Cl. Ct. 852, 852-53 (1987); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) While this court may adjudicate claims for damages arising from unjust convictions overturned by other

9

courts, as provided by 28 U.S.C. § 1495 (2012), Mr. Nie cannot bring such a claim, because no court has yet reversed or set aside his conviction, nor has he attached a pardon or certificate of innocence, as is required to sustain a claim under 28 U.S.C. § 1495. See 28 U.S.C. §2513 (2012); Abu-Shawish v. United States, 120 Fed. Cl. 812, 813 (2015); Humphrey v. United States, 52 Fed. Cl. 593, 596 (2002), aff'd, 60 F. App'x 292 (Fed. Cir. 2003).

As noted above, in his complaint, Mr. Nie also alleges that

> defendant has acted with reckless indifference to plaintiff' rights, ill will, a desire to injure, or malice committed as independent torts accompanying breach of contract as *"FRAUD, DECEIT, CONVERSION, BREACH OF FIDUCIARY DUTY, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, MALICE, FALSE IMPRISONMENT."*

(emphasis in original). This court, however, does not possess jurisdiction over claims that sound in tort. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. at 238; Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. at 3; Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). Therefore, to the extent any of plaintiff's claims sound in tort, those claims must be dismissed.

As referenced in his tort claims, plaintiff also alleges a breach of contract. Plaintiff claims that "the defendant acted reckless indifference to plaintiff' rights," and "[t]hus the defendant has breached the contracts as created by

> **The United States Constitution Article II section 1:**
> " ... *Before enter on the execution of his office, he shall take care the following oath of affirmation: -"I do solemnly swear (or affirm) that I will faithfully execute the office of President of the United States, and will to the best of my ability, preserve, protect and defend the Constitution of the United States"*,

**The United States Constitution Article II section 3:**
" ... *he shall take care that the laws be faithfully executed* ... ",

**The United States Constitution Article VI clause 3:**
" ... *all executive and Judicial officers* ... *shall be bound by oath or affirmation* to *support this Constitution*".

(emphasis and omissions in original).

In its motion to dismiss, defendant notes that "although this Court does possess jurisdiction over breach of contract claims against the United States, in this case, Mr. Nie does not allege the existence of any contract between the United States and him. Rather, he merely claims that the various clauses of the Constitution are themselves contracts between the Government and him." In order for this court to exercise jurisdiction of plaintiff's attempted contract claims, under the Tucker Act, 28 U.S.C. § 1491, a plaintiff must allege facts that demonstrate either a contract exists between himself and the United States, or plaintiff must somehow allege he is entitled to monetary relief under another money-mandating provision of law. To establish a valid contract with the government, whether express or implied, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government in contract. See Kam–Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012). Plaintiff has offered no evidence of a valid contract between plaintiff and the government, nor does he elaborate on how provisions of the United States Constitution referring to the Executive Branch establish a contract. Plaintiff has failed to demonstrate a valid contract, or demonstrated in any of his claims that his claims are properly before this court. The court lacks subject matter jurisdiction over all Mr. Nie's claims.

Along with his complaint, plaintiff filed an application to proceed in forma pauperis on September 25, 2015. His application indicates that he is presently incarcerated. As required by 28 U.S.C. § 1915(a)(2) (2012), Mr. Nie has included a trust fund account statement covering the six-month period prior to the filing of his complaint along with his application. Mr. Nie states he does not have any cash, or money in checking, savings, and does not own any real estate, stocks, bonds, notes, automobiles or other valuable property.

In order to provide access to this court to those who cannot pay the filing fees mandated by RCFC 77.1(c) (2015), the statute at 28 U.S.C. § 1915 permits a court to allow plaintiffs to file a complaint without payment of fees or security under certain circumstances. The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217–18 (1993);

Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011). In Fiebelkorn v. United States, the United States Court of Federal Claims indicated:

> [T]he threshold for a motion to proceed in forma pauperis is not high: The statute requires that the applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "unable to pay such fees" means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.

Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Hayes v. United States, 71 Fed. Cl. 366, 369 (2006).

When the person submitting a request to proceed in forma pauperis is a prisoner, 28 U.S.C. § 1915(a)(2) requires that the prisoner submit, along with the affidavit required by subsection (a)(1), a certified copy of:

> [T]he trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2); see also Matthews v. United States, 72 Fed. Cl. 274, 277 (2006), recons. denied 73 Fed. Cl. 524 (2006). In the affidavit required under 28 U.S.C. § 1915(a)(1), a prisoner must further "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

A prisoner is "'charged with knowing what forms are required,'" especially if the individual has previously filed applications to proceed in forma pauperis. Resendez v. United States, 96 Fed. Cl. 283, 286 (2010) (quoting Piskanin v. Court of Common Pleas of Lehigh Cnty. & all of its Judges, 359 F. App'x 276, 278 (3d. Cir. 2009)). Although Mr. Nie's lack of income and current incarceration may qualify him for in forma pauperis status, and although plaintiff submitted the copy of his prison trust fund statement, as discussed above, his complaint is being dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

*[signature]*

**MARIAN BLANK HORN**
**Judge**