**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1071C
Filed: February 5, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * *<br>HARRY NIE,<br>　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES,<br>　　　　　　Defendant.<br>* * * * * * * * * * * * * * * | **FILED**<br>FEB - 5 2016<br>U.S. COURT OF<br>FEDERAL CLAIMS |

**Harry Nie**, Mitchells, VA, pro se.

**Albert S. Iarossi**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With her were **Robert E. Kirschman, Jr.**, Director, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, Washington, D.C.

## ORDER

**HORN, J.**

Following the court's November 30, 2015 Order granting defendant's motion to dismiss pro se plaintiff Harry Nie's complaint, on January 11, 2016, plaintiff filed a "motion to object" to the court's decision to grant defendant's motion and to grant the motion before plaintiff had an opportunity to respond to the motion.[1]

---

[1] In his motion to object, plaintiff cites to Rule 46 of the Rules of the United States Court of Federal Claims (RCFC) (2015), which states in full:

> A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

As noted in the court's November 30, 2015 Order, plaintiff filed suit in this court "seeking $95,000 each year in compensation damages for unjust loss of plaintiff-property rights to continued employment with General Dynamics Amphibious System, since government willfully violating due process of law in plaintiff legal case in violation of the Fifth Amendment, the amount accumulates starting since 2009 till plaintiff' rights will be restored," as well as "$300,000 each year in punitive damages for unjust loss of liberty without due process of law in violation of the Fifth Amendment, the amount accumulates starting since 2009 till plaintiff' rights will be restored." Nie v. United States, 124 Fed. Cl. 334, 336 (2015). Plaintiff also alleged that the "Government committed 'breach of contract' with tortious, intentional or egregious misconduct of defendant." Id. Plaintiff's motion to object quotes verbatim pages from plaintiff's complaint. Plaintiff also quotes the preamble to the United States Constitution, as well as the Gettysburg Address.

Reconsideration of a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so. The United States Court of Appeals for the Federal Circuit has stated that: "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.), reh'g denied (Fed. Cir. 1990); see also Carter v. United States, 207 Ct. Cl. 316, 318, 518 F.2d 1199, 1199 (1975), cert. denied, 423 U.S. 1076, reh'g denied, 424 U.S. 950 (1976); Osage Tribe of Indians of Okla., 97 Fed. Cl. 345, 348 (2011) (discussing RCFC 59(a) and 60(b)); Oenga v. United States, 97 Fed. Cl. 80, 83 (2011) (discussing RCFC 59(a)); Webster v. United States, 92 Fed. Cl. 321, 324, recons. denied, 93 Fed. Cl. 676 (2010) (discussing RCFC 60(b)); Alpha I, L.P. ex rel. Sands v. United States, 86 Fed. Cl. 126, 129 (2009) (discussing RCFC 54(b) and 59(a)); Banks v. United States, 84 Fed. Cl. 288, 291-92 (2008) (discussing RCFC 54(b) and 59(a)); Corrigan v. United States, 70 Fed. Cl. 665, 667-68 (2006) (discussing RCFC 59(a)); Tritek Techs., Inc. v. United States, 63 Fed. Cl. 740, 752 (2005); Keeton Corr., Inc. v. United States, 60 Fed. Cl. 251, 253 (2004) (discussing RCFC 59(a)); Paalan v. United States, 58 Fed. Cl. 99, 105 (2003), aff'd, 120 F. App'x 817 (Fed. Cir.), cert. denied, 546 U.S. 844 (2005); Citizens Fed. Bank, FSB v. United States, 53 Fed. Cl. 793, 794 (2002) (discussing RCFC 59(a)).

"Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed.

---

As plaintiff's case has been dismissed, and because plaintiff is proceeding pro se, the court treats plaintiff's motion to object as a motion for reconsideration. See Haines v. Kerner, 404 U.S. 519, 520–21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9–10 (1980); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. 249, 253 (2007)).

2

Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)), reh'g en banc denied (Fed. Cir.), cert. denied, 546 U.S. 826 (2005) (discussing RCFC 59(a)); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d at 1382 ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." (citing Marquip, Inc. v. Fosber America, Inc., 198 F.3d 1363, 1370 (Fed. Cir. 1999), reh'g denied (Fed. Cir. 2000); Provident Sav. Bank v. Popovich, 71 F.3d 696, 700 (7th Cir. 1995)); Oenga v. United States, 97 Fed. Cl. at 83; Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. 593, 594 (1996), aff'd, 144 F.3d 769 (Fed. Cir. 1998) (discussing RCFC 59(a)). Generally, "[t]he cases seem to make [a] fault/no fault distinction the controlling factor in determining whether extraordinary circumstances will be found or not. In a vast majority of cases finding that extraordinary circumstances do exist so as to justify relief, the movant is completely without fault. . . ." 12 Joseph T. McLaughlin and Thomas D. Rowe, Jr., Moore's Federal Practice § 60.48[3][b] (3rd ed. 2008) (discussing RCFC 60(b)(6)); see also Amado v. Microsoft Corp., 517 F.3d at 1363 (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393 (1993)) (discussing RCFC 60(b)(6)).

Courts must address reconsideration motions with "exceptional care." Carter v. United States, 207 Ct. Cl. at 318, 518 F.2d at 1199; see also Global Computer Enters. v. United States, 88 Fed. Cl. 466, 468 (2009) (discussing RCFC 59(a)). "The three primary grounds that justify reconsideration are: '(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010); see also Griffin v. United States, 96 Fed. Cl. 1, 7 (2010), mot. to amend denied, appeal dismissed, 454 F. App'x 899 (Fed. Cir. 2011) (discussing RCFC 59(a)); Totolo/King Joint Venture v. United States, 89 Fed. Cl. 442, 444 (2009) (quoting Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007), aff'd in part, vacated in part, rev'd in part on other grounds, 583 F.3d 1344 (2009) (citation omitted) (discussing RCFC 59(a))) appeal dismissed, 431 F. App'x 895 (Fed. Cir.), reh'g denied (2011) (discussing RCFC 59(a)); Dairyland Power Coop. v. United States, 90 Fed. Cl. 615, 652 (2009), recons. denied, No. 04-106C, 2010 WL 637793 (Fed. Cl. Feb. 22, 2010), aff'd in part, vacated in part on other grounds, 2011 WL 2519519 (Fed. Cir. June 24, 2011) (discussing RCFC 59(a)); Matthews v. United States, 73 Fed. Cl. 524, 526 (2006) (citations omitted) (discussing RCFC 59); Prati v. United States, 82 Fed. Cl. at 376 (discussing RCFC 59(a)); Tritek Techs., Inc. v. United States, 63 Fed. Cl. at 752; Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003) (discussing RCFC 59(a)); Citizens Fed. Bank, FSB v. United States, 53 Fed. Cl. at 794; Strickland v. United States, 36 Fed. Cl. 651, 657, recons. denied (1996) (discussing RCFC 59(a)). "Manifest," as in "manifest injustice," is defined as "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002), aff'd, 384 F.3d 1368 (Fed. Cir. 2004), cert. denied, 544 U.S. 948 (2005) (discussing RCFC 59). "Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'" Griffin v. United States, 96 Fed. Cl. at 7

(quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006), aff'd in part, rev'd in part on other grounds, 536 F.3d 1282 (Fed. Cir. 2008)). "A court, therefore, will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the court.'" Ammex, Inc. v. United States, 52 Fed. Cl. at 557 (quoting Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993), aff'd, 50 F.3d 1021 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir. 1995)) (emphasis in original); see also Griffin v. United States, 96 Fed. Cl. at 7; Bowling v. United States, 93 Fed. Cl. 551, 562, recons. denied (2010) (discussing RCFC 59(a) and 60(b)); Webster v. United States, 92 Fed. Cl. at 324 (discussing RCFC 59(a) and 60(b)); Pinckney v. United States, 90 Fed. Cl. 550, 555 (2009); Tritek Techs., Inc. v. United States, 63 Fed. Cl. at 752.

In sum, it is logical and well established that, "'[t]he litigation process rests on the assumption that both parties present their case once, to their best advantage;' a motion for reconsideration thus should not be based on evidence that was readily available at the time the motion was heard." Seldovia Native Ass'n Inc. v. United States, 36 Fed. Cl. at 594 (quoting Aerolease Long Beach v. United States, 31 Fed. Cl. 342, 376, aff'd, 39 F.3d 1198 (Fed. Cir. 1994) (table)). "Post-opinion motions to reconsider are not favored, especially 'where a party has had a fair opportunity to…litigate the point in issue.'" Aerolease Long Beach v. United States, 31 Fed. Cl. at 376 (quoting Prestex, Inc. v. United States, 4 Cl. Ct. 317, 318, aff'd, 746 F.2d 1489 (Fed. Cir. 1984) (citing Gen. Elec. Co. v. United States, 189 Ct. Cl. 116, 117-18, 416 F.2d 1320, 1321 (1969))) (omission in original; other citation omitted).

Mr. Nie's motion does not raise any new issues, but, instead, plaintiff repeats the arguments submitted to the court in his original complaint. As noted above, plaintiff's motion to object quotes verbatim from plaintiff's complaint. In its response to plaintiff's motion, defendant notes that plaintiff "attempts to re-argue the merits of his failure to establish a jurisdictional basis for the Court to entertain his complaint," and that "[n]one of the arguments in Mr. Nie's motion are new, however, and this Court has already considered the facts that he alleges support his claim of jurisdiction."

Defendant also argues that plaintiff's motion "does not identify 'a manifest error of law, or mistake of fact' in the Court's previous ruling," and claims that "[n]or has Mr. Nie demonstrated that there has been any intervening change in the controlling law, the availability of previously unavailable evidence, or that the dismissal of his complaint was a 'manifest injustice.'" Indeed, defendant correctly notes that "Mr. Nie fails to so much as acknowledge these criteria, and makes no attempt to show why reconsideration of the Court's order is appropriate." The court agrees with defendant that Mr. Nie has not demonstrated extraordinary circumstances which justify relief or provide any other adequate basis to reconsider this court's earlier decision dismissing plaintiff's breach of contract claims, constitutional claims, and tort claims for lack of subject matter jurisdiction.

Plaintiff also argues that "[t]he ruling or order is in violation of Rule 7.2(b)(1) of RCFC, plaintiff, Harry Nie, has time to response of the defendant's motion to dismiss within 28 days after service of the motion which was dated on November 23, 2015."[2] In response, defendant states, "[t]o the extent that Mr. Nie claims that the Court erred by dismissing his complaint prior to his having had an opportunity to file a response to the Government's motion to dismiss, that argument fails." Defendant notes that "[g]iven that this Court could, *sua sponte,* determine that it does not have subject matter jurisdiction over Mr. Nie's claims, it logically follows that his failure to respond prior to the Court's ruling cannot constitute a manifest error of law." Indeed, as indicated in the court's November 30, 2015 decision:

> It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990)); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." Sebelius v. Auburn Reg'l Med. Ctr., 133 S. Ct. 817, 824 (2013); see also Arbaugh v. Y & H Corp., 546 U.S. at 506 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506–07)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte,

---

[2] Grammar, punctuation, and other errors are quoted in this Order as they appear in plaintiff's submissions.

subject matter jurisdiction at any time." (citing <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. at 506; <u>Folden v. United States</u>, 379 F.3d 1344, 1354 (Fed. Cir.), <u>reh'g and reh'g en banc denied</u> (Fed. Cir. 2004), <u>cert. denied</u>, 545 U.S. 1127 (2005); and <u>Fanning, Phillips & Molnar v. West</u>, 160 F.3d 717, 720 (Fed. Cir. 1998))).

<u>Nie v. United States</u>, 124 Fed. Cl. at 339-40.

In the same decision, this court stated "it is clear that this court lacks jurisdiction over plaintiff's complaint." As the court did not and does not have jurisdiction over plaintiff's claims, it was not and is not an error to dismiss plaintiff's complaint regardless of whether or not plaintiff had an opportunity to respond to defendant's motion to dismiss. Plaintiff, simply stated, has failed to raise any claims regarding which this court has jurisdiction and has failed to demonstrate manifest injustice. For the foregoing reasons, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**