**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1071C
Filed: March 22, 2016

**FILED**
MAR 2 2 2016
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * *
*
**HARRY NIE,** *
*
        **Plaintiff,** *
*
   **v.** *
*
*
**UNITED STATES,** *
*
        **Defendant.** *
*
* * * * * * * * * * * * * *

**Harry Nie**, Mitchells, VA, pro se.

**Albert S. Iarossi**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With her were **Robert E. Kirschman, Jr.**, Director, and **Benjamin C. Mizer**, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, Washington, D.C.

## ORDER

**HORN, J.**

    Following the court's November 30, 2015 Order granting defendant's motion to dismiss pro se plaintiff Harry Nie's complaint, and following the court's February 5, 2016 Order denying pro se plaintiff's motion for reconsideration, on March 18, 2016, plaintiff filed a "motion to reopen" his case.

    Plaintiff correctly notes that this court issued an Order on January 11, 2016 instructing the Clerk's Office to file plaintiff's incorrectly directed, "motion to object," and to treat it as a motion for reconsideration by leave of the court, despite its failure to comply with the Court's Rules. The court also instructed defendant to respond to the motion by February 1, 2016. Defendant filed its response on February 1, 2016, and the court denied plaintiff's motion for reconsideration on February 5, 2016. On February 19, 2016, the Clerk's Office received a submission from the plaintiff, titled "plaintiffs reply to defendant's response." Because the court had already denied the motion for reconsideration, on February 29, 2016, the court instructed the Clerk's Office to return plaintiff's submission as unfiled.

Plaintiff alleges that "[p]ursuant to Rule 7.2(a)(2) of the United States Court of Federal Claims (RCFC), plaintiff has time within 7 days after service of a response or an objection to reply to the response or an objection to reply to the response or the objection," and claims his response "alleged a written contract underlying plaintiff' claims which plaintiff's reply is sufficient to present subject matter jurisdiction in the court of Federal Claims."[1] Plaintiff, therefore, alleges that "[d]espite of compliance with the rule and satisfying the subject matter jurisdiction as well as plaintiff case merits," the court refused to file his submission. The court first notes that plaintiff is incorrect that Rule 7.2(a)(2) applies to his response to the motion for reconsideration. As noted in RCFC 59(f), "Response. A response to any motion under this rule may be filed only at the court's request and within the time specified by the court. The court may not rule in favor of a motion under this rule without first requesting a response to the motion." The court requested a response from defendant, but did not order a reply from the plaintiff, which is not required under the Rules.

Moreover, plaintiff raised a similar argument in his motion for reconsideration, that he was not a given an opportunity to respond to defendant's motion to dismiss. As the court noted in its February 5, 2016 Order:

> As the court did not and does not have jurisdiction over plaintiff's claims, it was not and is not an error to dismiss plaintiff's complaint regardless of whether or not plaintiff had an opportunity to respond to defendant's motion to dismiss. Plaintiff simply stated, has failed to raise any claims regarding which this court has jurisdiction and has failed to demonstrate manifest injustice.

Even if plaintiff had the right, which he did not, to file a reply to the motion for reconsideration, because the court lacks jurisdiction over any of plaintiff's claims, it simply does not matter whether plaintiff had the opportunity to file a reply. Dismissal of plaintiff's case for lack of jurisdiction was the proper result.

Finally, the court notes that plaintiff now has made the same arguments, verbatim, regarding this court's jurisdiction in his complaint, motion for reconsideration and now his "motion to reopen." As twice before, the court does not find it appropriate for plaintiff to attempt to re-argue the merits of his failure to establish a jurisdictional basis for this court to entertain his complaint. For the foregoing reasons, plaintiff's motion to reopen plaintiff's case is **DENIED**.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**

---

[1] Grammar, punctuation, and other errors are quoted in this Order as they appear in plaintiff's submission.

2